COPY                                    FILED

1  G. Thomas Martin, III, Esq. (SBN 218456)
   Darin Shaw, Esq. (SBN 251037)          2013 APR 16  PM 2: 50
2  **PRICE LAW GROUP, APC**
   15760 Ventura Blvd., Suite 1100        CLERK U.S. DISTRICT COURT
3  Encino, CA  91436                      CENTRAL DIST. OF CALIF.
                                          LOS ANGELES
4  T: (818) 907-2030; F: (818) 205-2730
   tom@plglawfirm.com                     BY_____
5  darin@pricelawgroup.com

6
   Attorneys for Plaintiff
7  AMANDA FROST

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11
   AMANDA FROST                    )  Case No.: SACV13-608-JST
12                                 )  (JPRx)
        Plaintiff,                 )
13                                 )  **COMPLAINT AND DEMAND FOR**
                                   )  **JURY TRIAL**
14                                 )
   ARIZONA FEDERAL CREDIT          )
15 UNION; EXPERIAN INFORMATION     )  **(Unlawful Credit Reporting**
   SERVICES, INC., TRANS UNION,    )  **Practices)**
16 LLC; DOES 1 – 10, inclusive.    )
                                   )
17                                 )
                                   )
18      Defendants.                )
                                   )
19 _____)

20                       **COMPLAINT**

21

22      Plaintiff AMANDA FROST ("Plaintiff"), by her attorneys, Price Law

23 Group, APC, alleges the following against Defendants ARIZONA FEDERAL

24

25

                             COMPLAINT

CREDIT UNION, TRANS UNION LLC, and EXPERIAN INFORMATION SERVICES, INC.

## **INTRODUCTION**

1.      Count I of Plaintiff's Complaint against ARIZONA FEDERAL CREDIT UNION is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Count II of Plaintiff's Complaint against ARIZONA FEDERAL CREDIT UNION is based on California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 ("CCCRA").

3.      Count III of Plaintiff's Complaint against Experian and Trans Union is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## **VENUE AND JURISDICTION**

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

5.      Plaintiff, Amanda Frost, is a natural person who resides in the City of Costa Mesa, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 603(c).

6.      Defendant Arizona Federal Credit Union (hereinafter "Credit Union") is an organizations with branches throughout Arizona.  At all relevant times herein, Defendants were entities which engaged in the practice of providing consumer information to consumer reporting agencies, and are therefore a "furnisher of information" as discussed in 15 U.S.C. § 623 and other sections of the FCRA. Defendant Credit Union is a "persons" as defined by FCRA 1681a(b), and "resellers" as defined by FCRA 1681a(u).

7.      Defendant, Trans Union, LLC (hereinafter "Trans Union"), is a national corporation with its principal place of business located at 555 West Adams, Chicago, Illinois.  At all relevant times herein, Defendant, Trans Union, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8.      Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626.  At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a

cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8.    Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9.    Plaintiff owed a consumer debt to Credit Union and wanted to settle the debt.  Credit Union through its attorney, Mark A. Kirkorsky, agreed to settle the debt in full.  Mr. Kirkorsky sent a letter in his capacity as Credit Union's attorney and confirmed that the debt was settled in full and stated that Plaintiff had no further monetary obligation to Plaintiff.     This letter was dated October 23, 2009.

10.    At the time of this letter, Credit Union should have stopped reporting this debt as due and owing since the debt had been settled in full.  Since this letter was sent, however, Defendant Credit Union is still reporting this settled debt as an

unpaid balance that has been charged off. Credit Union continues to report this settled debt as unpaid as of the date of this filing.

11. As of this filing, Plaintiff's credit report from Experian and Trans Union is still erroneous. Both credit reporting agencies are reporting this settled debt as unpaid.

12. After Plaintiff conducted a credit review, she formally disputed the inaccurate information with all Defendants. Plaintiff contacted Defendants Experian and Trans Union via a dispute letter in order that they remove the erroneous trade lines from her credit record, but to no avail. Plaintiff also contacted Defendant Credit Union and requested that the reporting be corrected to no avail. Plaintiff also sent a copy of a letter from Credit Union's lawyer evidencing that the debt was settled in full but none of the Defendants have corrected the Plaintiff's credit.

13. To date, the negative information reported by Defendants remains on Plaintiff's Experian and Trans Union reports.

14. Upon receipt of the letters, Defendants Experian and Trans Union each sent an automatic customer dispute verification form informing Defendant Credit Union that the consumer was disputing their reporting of the accounts.

15. Despite Plaintiff's exhaustive efforts to date to remove this balance, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally,

recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations to all credit reporting agencies, and have continued to report the derogatory information about Plaintiff.

17.   Plaintiff has applied for and been denied loans and extensions of consumer credit, and Plaintiff is informed and believes and was informed that the basis for these denials was the inaccurate and erroneous information that appears on Plaintiff's credit report.

18.   As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

19.   As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

20.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file.

## COUNT I – FIRST CLAIM FOR RELIEF

## DEFENDANT ARIZONA FEDERAL CREDIT UNION VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA)

### 15 U.S.C. § 1681 *et seq.*

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At times pertinent hereto, Defendant Arizona Federal Credit Union, were "persons" as defined by 15 U.S.C. § 1681a(b).

24.     Defendant Arizona Federal Credit Union violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. 1681 §s-2(b);

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b)    willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Arizona Federal Credit Union;

(c)    willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies.

(d)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff.

(f)    willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendants, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

25.     Defendant Credit Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Credit Union is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

## COUNT II – SECOND CLAIM FOR RELIEF

## DEFENDANTS ARIZONA FEDERAL CREDIT UNION VIOLATED CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CCCRA), CALIFORNIA CIVIL CODE §§1785.25

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

29.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide

corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

30.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

31.     Defendant Arizona Federal Credit Union negligently and willfully furnished information to the credit reporting agencies they knew or should have known was inaccurate.

32.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT III – THIRD CLAIM FOR RELIEF

## DEFENDANTS EXPERIAN AND TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.   At all times pertinent hereto, Defendants Experian and Trans Union are "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

28.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

29.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

30.   Pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o, Defendants Experian and Trans Union are liable to Plaintiff for engaging in the following conduct:

(a)   willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)   willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities in violation of 15 U.S.C. §1681i(a);

(c)   willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation in violation of 15 U.S.C. § 1681i(a);

(f)     willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports in violation of 15 U.S.C. § 1681i(a);

(g)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report information and file, in violation of 15 U.S.C. § 1681e(b);

(i)     willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(k)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified

31.     The conduct of Defendants Experian and Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and, as a result, Defendants Experian and Trans Union are liable to Plaintiff for the full statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

e) Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: April 11, 2013          **PRICE LAW GROUP APC**

By: _____
Darin Shaw
Attorney for Plaintiff

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, AMANDA FROST, demands trial by jury in this action.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 608 JST (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| AMANDA FROST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| ARIZONA FEDERAL CREDIT UNION, et al.  - | ) |
| See Attached | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No. SACV13-608-JST
(JPRx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

See Attached

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   G. Thomas Martin, III, Esq. (SBN 218456)
Darin Shaw, Esq. (SBN 251037)
PRICE LAW GROUP, APC
15760 Ventura Blvd, Ste 1100, Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: APR 1 6 2013

MARILYN DAVIS

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

1   G. Thomas Martin, III, Esq. (SBN 218456)
    Darin Shaw, Esq. (SBN 251037)
2   **PRICE LAW GROUP, APC**
    15760 Ventura Blvd., Suite 1100
3   Encino, CA  91436
    T: (818) 907-2030; F: (818) 205-2730
4   tom@plglawfirm.com
5   darin@pricelawgroup.com

6
    Attorneys for Plaintiff
7   AMANDA FROST

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  AMANDA FROST                          )   Case No.:
12                                        )
            Plaintiff,                    )   **ATTACHMENT TO SUMMONS IN**
13                                        )   **A CIVIL ACTION**
                                          )
14                                        )
    ARIZONA FEDERAL CREDIT                )
15  UNION; EXPERIAN INFORMATION           )
    SERVICES, INC., TRANS UNION,          )
16  LLC; DOES 1 – 10, inclusive.          )
                                          )
17                                        )
                                          )
18          Defendants.                   )
                                          )
19  _____

20
                    <u>**ATTACHMENT TO SUMMONS**</u>
21

22  //

23  //

24  //

25

Defendant's name and address:
ARIZONA FEDERAL CREDIT UNION
12401 N Cave Creek Rd
Phoenix, AZ 85022


Defendant's name and address:
EXPERIAN INFORMATION SERVICES, INC.
475 Anton Blvd
Costa Mesa, CA 92626-7037


Defendant's name and address:
TRANS UNION, LLC
555 W Adams Street
Chicago, IL 60661


DATED: April 12, 2013

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**


By: _____
Darin Shaw
Attorney for Plaintiff

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AMANDA FROST | ARIZONA FEDERAL CREDIT UNION; EXPERIAN INFORMATION SERVICES, INC., TRANS UNION, LLC; DOES 1 – 10, inclusive. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| G. Thomas Martin, III (SBN 218456), Darin Shaw, Esq. (SBN 251037) PRICE LAW GROUP, APC 15760 Ventura Blvd., Suite 1100, Encino, CA  91436 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: SACV 13-608

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐     Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐     Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date 04/12/2013

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |